IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TARRY HILLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:12-cv-821-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff, Tarry Hillard, applied for supplemental security income ("SSI"). His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. §

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 7); Def.'s Consent to Jurisdiction (Doc. 6). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-four years old at the time of the alleged onset of his disability and has a GED. Tr. 39. Plaintiff's past relevant work was as a "carwash supervisor" and an "automobile detailer." Tr. 28. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since July 16, 2009, the application date." (Step 1) Tr. 22. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "anxiety disorder and depressive disorder." *Id*. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) Tr. 24. Next, the ALJ found that Plaintiff has the RFC "to perform medium work . . . except [Plaintiff] can perform simple, routine, repetitive tasks," and "have brief and superficial contact with the public." Tr. 25. The ALJ then concluded that Plaintiff "is capable of performing past relevant work as an automobile detailer." (Step 4) Tr. 28. As a result of that finding, the ALJ did not continue to Step 5, and concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, since July 16, 2009, the date the application was filed." Tr. 29.

### IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision: (1) whether "[t]he Commissioner's decision should be reversed because the evidence of record does not support a finding that [Plaintiff] is capable of sustaining work

activities in an ordinary work setting on a regular and continuing basis"; and (2) whether "[t]he Commissioner's decision should be reversed because the ALJ's [RFC] finding failed to include the required 'function-by-function' assessment." Pl.'s Br. (Doc. 14) at 3. The court will address each argument below.

## V. DISCUSSION

### A. *Plaintiff's Capability to Sustain Full-Time Work*

Plaintiff argues that the evidence of record does not support a finding that Plaintiff is capable of sustaining work activities in an ordinary work setting on a regular and continuing basis. Pl.'s Br. (Doc. 14) at 3. Specifically, Plaintiff asserts that based on the testimony of consultative examiner Dr. Ghostley that Plaintiff has "moderate to marked limitation in his ability to respond appropriately to supervisors, co-workers, and work pressures in a work setting," Plaintiff "would be incapable of maintaining work on a regular and continuing basis." *Id.* at 3. The court finds this argument to be without merit.

Plaintiff correctly asserts that if a claimant cannot perform full-time work, they will be found disabled. However, Plaintiff's assertion that he is incapable of working full time is completely unsupported by the record. Plaintiff first attempted to raise this argument at the hearing before the ALJ. Plaintiff asked the VE the following question: "If we were to assume that 50 percent of the time [Plaintiff] would have a marke[d] impairment, would that have any effect on his ability to maintain employment?," to

which the VE responded, "Yes, sir.  It would."  Tr. 50.  The ALJ addressed this question in her decision; "Dr. Ghostley did not state that [Plaintiff] would have marked impairment of his social functioning for more than 50% of the day."  Tr. 27.  Plaintiff re-raises this same argument in his brief based on the hypothetical fifty percent limitation stating, "At the very least, Dr. Ghostley's opinion signifies that [Plaintiff] would be incapable of maintaining regular work activities as he would suffer from marked limitations in functioning 50% of the workday or workweek."  Pl.'s Br. (Doc. 14) at 7.

 The court is at a loss as to where Plaintiff came up with this argument.  Dr. Ghostley's opinion stated, "Presently, [Plaintiff's] ability to understand, remember, and carry out instructions is mildly impaired, while his ability to respond appropriately to supervisors, co-workers, and work pressures in a work setting, is moderately to markedly impaired."  Tr. 235.  There is no mention of any limitation affecting Plaintiff fifty percent of the time.  In fact, Plaintiff admits the record lacks such evidence, stating "Although Dr. Ghostley did not explicitly state [Plaintiff would be limited fifty percent of the workday], he did not explicitly state that this was not the case either."  Pl.'s Br. (Doc. 14) at 7.  The court must rely on the evidence of record and will not engage in speculation of Dr. Ghostley's opinions beyond those included in his report.

 The ALJ considered Dr. Ghostley's finding that Plaintiff has some limitations interacting with coworkers and supervisors, and included in the RFC that Plaintiff could have "brief and superficial contact" with others.  Tr. 25.  The ALJ further explained,

> The opinion of Dr. Ghostley was given some weight because it is consistent with the longitudinal medical evidence. At the hearing, [Plaintiff]'s representative interpreted Dr. Ghostley's report as meaning [Plaintiff] had marked impairment in his ability to interact socially; however, this interpretation is not supported by the record. For instance, Dr. Ghostley did not state that [Plaintiff] would have marked impairment of his social functioning for more than 50% of the day. Moreover, Dr. Ghostley's determination that [Plaintiff] would have mild difficulties in understanding, remembering, and carry[ing] out instructions, would not support a marked restriction in social functioning for more than 50% of the day. Limiting [Plaintiff] to simple, routine, repetitive tasks would greatly reduce the work pressure, as complex decisions or use of judgment would not be required. With the reduction in work pressure, [Plaintiff]'s limitations in social function would be moderate. Dr. Ghostley also pointed out that [Plaintiff]'s mental state is a function of his physical state, and [Plaintiff]'s objective physical examinations and x-rays were completely normal.

Tr. 27 (citations omitted). The ALJ's decision was supported by substantial evidence, and thus no error has occurred.

### B.     *The Sufficiency of the RFC*

Plaintiff asserts that the ALJ failed to include the required "function-by-function" assessment in the RFC. Pl.'s Br. (Doc. 14) at 8. In particular, Plaintiff states that "[t]he ALJ fail[ed] to specify any lifting or carrying requirements; sitting/standing or walking requirements; or postural limitations" and that "the ALJ posed an incomplete hypothetical question to the VE" because the ALJ did not "include specific abilities and limitations [Plaintiff] would have in a workplace environment." *Id.* at 11.

Social Security Ruling 96-8p recounts "the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC)." In pertinent part, it states as follows: "The RFC assessment is a

function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. In an unpublished decision the Court of Appeals for the Eleventh Circuit has held that an ALJ's failure to "more specific[ally] and explicit[ly]" set forth his findings with respect to a claimant's "functional limitations and work-related abilities on a function-by-function basis" is excusable where it is apparent the ALJ did "consider all of the evidence." *Freeman v. Barnhart*, 220 F. App'x 957, 959-60 (11th Cir. 2007). *See also Chavez v. Astrue*, 276 F. App'x 627, 627-28 (9th Cir. 2008) ("Chavez claims that the ALJ committed legal error by determining his mental residual functional capacity without performing a function-by-function assessment as required by Social Security Ruling 96-8p. This claim fails because the ALJ considered and noted 'all of the relevant evidence' bearing on Chavez's 'ability to do work-related activities,' as required by the function-by-function analysis.") (internal citations omitted). Thus, where the ALJ has considered all available relevant evidence pertaining to the claimant's functional limitations, the failure to specifically and explicitly discuss the ALJ's assessment of the claimant's work-related abilities on a function-by-function basis does not require reversal.

In this instance, as in *Freeman*, the ALJ did consider all of the evidence and found that it did not support the level of disability Plaintiff claimed. The ALJ explicitly stated that "[i]n making this finding, the [ALJ] has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective

medical evidence and other evidence . . . .  The [ALJ] has also considered opinion evidence."  Tr. 25.  Next, the ALJ considered and discussed medical evidence from four different physicians, ranging from 2005 to the month after the hearing date.  Tr. 25-28.  The ALJ also considered Plaintiff's daily activities in determining the RFC.  Tr. 28.  The ALJ reviewed Plaintiff's own statements regarding his disability claim, concluding that "[Plaintiff] was less than forthcoming, which generally calls his credibility into question."  Tr. 28.  Plaintiff points to no evidence overlooked by the ALJ in formulating Plaintiff's RFC.

   Only after discussing the relevant evidence pertaining to both actual and alleged severe impairments did the ALJ express Plaintiff's RFC in terms of a specific exertional level.  Tr. 27.  Furthermore, the ALJ's analysis of the evidence and statement that Plaintiff could "perform medium work as defined in 20 CFR 416.967(c)" (with additional limitations) indicated how much work-related activity Plaintiff could perform.  20 C.F.R. § 416.967(c) explains that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," and "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  The ALJ also told the VE in the first hypothetical to consider a hypothetical individual limited to medium exertional activity.  Tr. 47-48.  Therefore, the ALJ's hypotheticals did have limitations on sitting, standing, and walking. In sum, the ALJ adequately analyzed and described Plaintiff's functional capacity both at the hearing and

in the RFC.  The ALJ's decision was supported by substantial evidence and thus no error has occurred.

Plaintiff also appears to argue that the ALJ did not properly consider the opinion of Dr. Yearwood, Plaintiff's treating source.  The court disagrees.  An ALJ normally must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary."  *See Phillips*, 357 F.3d at 1240.  "'[G]ood cause' exists when the:  (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id.* at 1240-41.  Further, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

Here, the ALJ did consider Dr. Banner's opinion, and in assigning little weight to Dr. Banner's opinion, the ALJ gave good cause.  In fact, after discussing Dr. Banner's evaluation, findings, and diagnosis of Plaintiff, the ALJ expressly stated,

> There is no objective medical evidence that would support the [Plaintiff]'s allegations of back pain.  Dr. Banner opined that [Plaintiff] could perform sedentary work activity.  The opinion of Dr. Banner is given little weight because it was inconsistent with his own examination and is based on the claimant's subjective complaints rather than on objective signs and tests. Moreover, Dr. Banner noted on the physical capacities evaluation that he

11

> relied on [Plaintiff]'s history in completing the assessment, and [Plaintiff]'s history was based on entirely subjective complaints rather than objective evidence.

Tr. 26 (citations omitted).  Thus, the ALJ articulated "good cause" for the rejection of Dr. Banner's statements—that the opinion was not bolstered by the evidence, evidence supported a contrary finding, and the opinion was conclusory—and that rejection is supported by substantial evidence, and thus no error has occurred.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 27th day of January, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE